UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BALDWIN, #277998A,

        Plaintiff,

v.

        CASE NO. 05-CV-71856-DT
        HONORABLE GERALD E. ROSEN

SHERIFF DANIEL J. MINZEY,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

The Court has before it Plaintiff Timothy Baldwin's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is an inmate at the Washtenaw County Jail in Ann Arbor, Michigan. Defendant Daniel J. Minzey is the Washtenaw County Sheriff and has been sued in his official capacity. In his complaint, Plaintiff alleges that he has been denied proper medical care for a back injury and related pain while housed at the Washtenaw County Jail. Plaintiff seeks injunctive relief and monetary damages.

Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

1

**II.     Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

In this case, Plaintiff alleges that he has been denied proper medical care while housed at the Washtenaw County Jail.  It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983.  *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned,

encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not done so with respect to Defendant Minzey.  He fails to allege facts indicating that Defendant Minzey had any personal or direct involvement in his medical care.  The mere fact that Defendant Minzey allegedly failed to properly respond to Plaintiff's grievances is insufficient to state a claim for relief under § 1983.

Additionally, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional.  An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983.  *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co. Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) (gross negligence is not actionable under § 1983, because it is not "arbitrary in the constitutional sense").  Plaintiff does not set forth any facts indicating that any failure to act by Defendant Minzey was intentional in the constitutional sense.  Conclusory allegations of unconstitutional conduct are insufficient to state a civil rights claim.  *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987).  Plaintiff's complaint is thus subject to dismissal for failure to state a claim upon which relief may be granted.

**III.   Conclusion**

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint.  Accordingly,

**IT IS ORDERED** that Plaintiff's § 1983 complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. §

1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated:  May 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager